## ELIZABETH CALMES et al. *v.* JOSEPHINE DUPLANTIER.

Testimony taken by plaintiff under a commission should not be rejected because the same party had obtained a second commission to take the testimony of the witness, which had never been returned.

APPEAL from the District Court of East Baton Rouge, *Burke*, J. *T. G. Morgan*, for plaintiff. *J. M. Elam*, for defendant. The judgment of the court was pronounced by

EUSTIS, C. J. This appeal is taken by the plaintiff from a judgment as in case of non-suit. The question argued before us is presented by a bill of exceptions taken by the counsel for the plaintiff to the admission of a certain deposition of *Williams Sims*, taken under a commission. This suit was instituted in December, 1845. A commission to take testimony was issued, at the instance of the plaintiff, on the 30th of January, 1846, and the testimony was taken in April following. In October of that year, a rule was taken on the defendant to show cause why the testimony thus taken should not be read in evidence on the trial of the cause. In answer to this rule the defendant objected to its being read on the trial, on the ground that there was no legal evidence of the official capacity of the person who had executed the commission. It does not appear, that there was any decision rendered on this rule. The commission, interrogatories and return were, with the authorization of the judge, given at chambers, withdrawn from the files, on the 12th of February, 1847, by the plaintiff's attorney, a copy of the whole being filed in their stead. Previous to this, to wit, in December, 1846, a new commission had been taken out by the plaintiff's attorney, to take the testimony of the same witness whose deposition had been taken under the first commission. Interrogatories were filed, and cross-interrogatories were put by the counsel for the defendant, under notice, differing materially from those originally propounded. The plaintiff's attorney forwarded the first commission, &c., to Mississippi, where it had been executed, and had a certificate of the Governor verifying the official capacity of the person who executed it. The second commission was never executed. On the trial of the cause, the plaintiff offered in evidence the testimony taken under the first commission, with the certificate of the Governor of Mississippi

CALMES
v
DUPLANTIER.

annexed. On an objection being made by the counsel for the defendant, the district judge refused to receive in evidence the testimony offered, and the counsel for the plaintiff excepted to this decision. The bill of exceptions states the objection to have been, "that under such circumstances the party was bound to take the answers of the witness to the second interrogatories and cross-interrogatories."

We do not concur with the district judge in his opinion on this point. The case was not tried until the 23d of October, 1850. The second commission had been out nearly four years, and there was every reason, from its non-return, to suppose that it had been abandoned. If the defendant had an object in examining the witness as to any matters testified to in his first examination, he certainly has had ample time for that purpose. Copies of the original commission, with the interrogatories and deposition, having remained on file, we do not think the party defendant could have labored under any surprise at the original deposition being offered in evidence. If he did, it did not have its origin in any act of the plaintiff. Had the defendant applied for a continuance on this ground, it would have presented a question resting in the legal discretion of the court; but we do not find any sufficient cause for the refusal to receive the testimony in evidence.

The judgment of the district court is therefore reversed, and the case remanded, with directions to the judge to receive in evidence the testimony mentioned in the bill of exceptions ; the appellee paying the costs of this appeal.